[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT (#189)
The jury returned verdicts for plaintiff Raven Corporation to recover of the defendant on count one (Breach of Contract theory) of the revised complaint the sum of $57,593.02 damages and to recover of the defendant on count two (CUTPA theory) the sum of $5,500.00 damages. The jury returned a verdict for the defendant Baldwin Stewart Electric Company to recover of the plaintiff Raven Corporation the sum $6,750.00 damages on the counterclaim — set-off count.
The court has denied defendant's post verdict motions to set aside plaintiff's verdicts. The court has denied plaintiff's post verdict motion to set aside the verdict in favor of defendant on the counterclaim on set-off.
In this motion plaintiff seeks judgment on counts one and two as above recited plus punitive damages, interest, attorneys' fees and costs. CT Page 6716
This court has no difficulty in awarding both attorney's fees and punitive damages predicated on a jury pending of a CUTPA violation. Nor does this court have difficulty in awarding punitive damages measured by doubling the award of attorneys' fees. The difficulty presented is the proper application and measure of (1) the value of the attorneys' services in (a) contingent fee multi-count complaint, or (b) total time at a fix hourly rate in a multi-count complaint and counterclaim — set-off count.
This court has ruled in a one-third of amount recovered case, that the attorneys' fees were governed by this contract for one-third of the award on the breach of contract count and on the CUTPA verdict and jury award, attorneys' fees of one-third, plus another one-third for punitive damages. (Jury award $51.00-$17.00 attorneys' fees and $17.00 punitive damages for a total of $85.00).
This court has no difficulty in recognizing the fact that five full folders compose the file in this case and has no difficulty in finding that the "Affidavits Re: Attorney's Fees" cites hourly rates and computer calculations of billable hours that fall within the scope of acceptable local community charges found to be reasonable.
The difficulty is one of apportionment and application. Ordinarily attorneys' fees are based on contract or statute. Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652 (1987).
In this case the contract between plaintiffs and their attorneys was for quoted hourly rates. The original complaint contained a third count and claim for emotional distress and damages. That count was stricken pursuant to defendant's motion to strike.
The numbers indicate:
Plaintiffs' verdicts:
(a) Breach of contract damages $57,593.02
(b) CUTPA damages 5,500.00 ----------
 $63,093.02 ========== CT Page 6717
Defendant's verdicts:
(a) Counterclaim-set-off $ 6,750.00 ==========
Attorneys for the Plaintiffs' Claim fees and non taxable and nontaxable costs as follows:
(a) Legal fees $66,383.75
(b) Litigation costs $ 5,883.60 ---------- $72,267.35
The court looks to Section 42-110g(a) for guidance. This action sought "to recover actual damages". The jury found CUTPA damages to be $5,500.00. This statute also states: "the court may, in its discretion award punitive damages." Section42-110g(d) states in part "the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on work reasonably performed by an attorney, not on the amount of recovery. . . ."
Preparation of this case for trial and post verdict motions accumulated five full folders of paper work. The return date was June 10, 1986. It was filed May 30, 1986. The verdicts were returned on April 8, 1993.
Plaintiffs' advances the theory all claims of plaintiffs and motions by defendant including the counterclaim were so intertwined as to entitle plaintiffs to recover all litigation costs and attorneys' fees that they have incurred despite the fact that the jury has awarded them only $5,500.00 damages on the CUTPA count. (See Berry v. Loiseau, 223 Conn. 786, 824 fn. 17 (1992)).
The jury returned three verdicts each stating an award of money damages. This court conducts that the work reasonable performed by plaintiffs' attorney should be targeted to the individual verdicts and not to the amount of recovery on any individual verdict. Consequently the total fees and expenses claimed, ($66,383.75 and $5,883.60) of $72,267.35 apportioned and approximated at $24,000.00 are awarded under Section 42-110g(d) for "costs and reasonable attorneys' fees" and as "punitive CT Page 6718 damages" under Section 42-110g(a).
The award under Section 42-110g(a) and (d) is computed as follows:
Jury award on CUTPA $ 5,500.00
 Section 42-110g(d) award of litigation expenses and reasonable attorneys' fees $24,000.00
 Section 42-110g(a) award of punitive damages $24,000.00
Total CUTPA claim $53,500.00
"The plaintiff who establishes CUTPA liability has access to a remedy for more comprehensive than simple damages recoverable under common law. The ability to recover both attorneys' fees . . . and punitive damages . . . enhances the private CUTPA remedy and serves to encourage private CUTPA litigation." Ford v. Blue Cross Blue Shield of Conn. Inc., 216 Conn. 40, 64 (1990).
Breach of Contract Claim $ 57,593.02
 $111,093.02 ===========
Judgment for plaintiff Raven Corporation to recover of the defendant the sum of $111,093.02 on the revised complaint. Judgment on the counterclaim and set-off for the defendant Baldwin Electric Co. to recover of the plaintiffs the sum of $6,750.00.
Judgment may enter as above. Each party may file motions for interest claimed.
No costs to either party except as above ordered.
John N. Reynolds State Trial Referee CT Page 6719
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6719-aa